# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.   CR-13-77-RAW |
| | ) | |
| CASEY WAYNE MAY, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Defendant Casey Wayne May was indicted for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The evidence supporting the charge was seized from May's house pursuant to the execution of a search warrant. The Defendant urges suppression of the incriminating evidence on the theory that the affidavit supporting probable cause does not demonstrate probable cause and in fact, was so lacking in probable cause that the officers were not entitled to rely on its issuance. Defendant's Motion to Suppress Evidence and Brief in Support [Docket No. 23] were referred to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(2)(B), and an evidentiary hearing was held on October 16, 2013. For the reasons set forth below, the Defendant's motion should be denied.

The state court search warrant at issue in this case was obtained upon affidavit by District Sixteen Task Force Agent Derek Brown, in which he averred that a confidential informant had observed the presence of methamphetamine, a substance that the confidential informant was able to recognize based on his personal experience with the

drug, within a residence later determined to belong to the Defendant. The affidavit indicated that Agent Brown obtained this information within the last seventy-two hours and that the informant was considered reliable because he had assisted police with controlled drug purchases in the past on at least two occasions. The affidavit did not, however, indicate any attempts to corroborate any of the information provided by the confidential informant, and Agent Brown testified that he made none at the suppression hearing. The Defendant contends the affidavit failed to establish probable cause because there was nothing to corroborate the information provided by the informant, and as such, the affidavit was a "bare bones" affidavit. Further, the Defendant contends that the *Leon* good faith exception does not apply to this case because Agent Brown omitted certain material information pertaining to the veracity and reliability of the confidential informant and that the officer could not reasonably have believed in the existence of probable cause. *See United States v. Danhauer,* 229 F.3d 1002, 1007 (10th Cir. 2000) ("[T]he good-faith exception does not apply when the affidavit in support of the warrant is 'so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable.'"), *quoting Leon,* 468 U.S. at 923 (citing the third of the four situations in which the good faith exception to the exclusionary rule would not apply).[1]

---

[1] The Defendant concedes that this case does not fall within the fourth situation in which the good faith exception provided by *Leon* would not apply, *i. e.*, that the search warrant was "so facially deficient that the executing officer could not reasonably believe it was valid." *Danhauer,* 229 F.3d at 1007, *citing Leon,* 468 U.S. at 923. Though the issue was not briefed, the Defendant *did* contend at the hearing that the second situation under *Leon* applies in this situation, *i. e.*, "when the issuing magistrate wholly abandon[ed his] judicial role." *Danhauer,* 229 F.3d at 1007, *quoting Leon,* 468 U.S. at 923 [internal quotation marks omitted]. "In determining whether the issuing judge was neutral and detached, the court must conduct 'an

Courts faced with close questions regarding the existence of probable cause may proceed directly to the applicability of the *Leon* good faith exception. *United States v. Quezada-Enriquez*, 567 F.3d 1228, 1233 (10th Cir. 2009) ("Because the good faith exception applies and requires affirmance, it is not necessary for us to decide if the warrant was supported by probable cause."), *citing Danhauer*, 229 F.3d at 1005 ("[C]ourts have the discretion to proceed directly to an analysis of the good-faith exception without first addressing the underlying Fourth Amendment question."). *See also United States v. Bishop,* 890 F.2d 212, 216 (10th Cir. 1989), *cert. denied,* 493 U.S. 1092 (1990) ("[R]esolution of whether there was probable cause supporting the warrant is not necessary to our decision . . . because . . . the agents' conduct clearly falls within the

---

individualized and contextual inquiry' of the particular case focusing on the 'specific circumstances surrounding the issuance of the warrant.'" *United States v. Wilson*, 899 F. Supp. 521, 528 (D. Kan. 1995), *quoting United States v. Ramirez*, 63 F.3d 937, 941 (10th Cir. 1995). The Defendant points to no evidence besides the prior similar affidavits that were approved by the state court judges that would indicate to the undersigned that the state court judge issuing the search warrant at issue in this case was merely acting as a rubber stamp. There was no evidence presented that suggested that the judge issuing the instant search warrant failed to objectively evaluate the information contained within the affidavit. *United States v. Fontenot*, 21 F.3d 1122 (10th Cir. 1994) ("There is nothing in the record which shows the state judge did anything more than follow established state law in the independent exercise of his authority.") [unpublished opinion], *citing United States v. Brown*, 832 F.2d 991, 997 (7th Cir. 1987) (magistrate who issued 'hundreds' of warrants based on 'form' affidavits had not abandoned neutrality), *cert. denied*, 485 U.S. 908 (1988). *See also, Wilson*, 899 F. Supp. at 528 ("Although defendants allege that the magistrate merely acted as a 'rubber stamp' to the affidavit for the search warrant, there is no credible evidence to support that allegation or to support a finding that the issuing judge did not objectively evaluate the information before him."). The discussion as to good faith will therefore be confined to whether this case falls within the first and third situations identified in *Leon*.

'good faith exception' to the exclusionary rule.") [citation omitted]. That is precisely what the Court elects to do here.[2]

There are generally four situations in which the *Leon* good faith exception to the exclusionary rule *does not* apply: (i) when the issuing judge was misled by an affidavit containing false information or information that the affiant would have known was false if not for his reckless disregard of the truth; (ii) when the issuing judge wholly abandons the judicial role; (iii) when the affidavit in support of the warrant is "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable"; and, (iv) when a warrant is so facially deficient that the executing officer could not reasonably believe it was valid. *See Leon,* 468 U.S. at 923. The Defendant contends that both the first situation, *i. e.*, that the issuing judge was misled by an affidavit containing false information, and third situation apply here, *i. e.*, that the affidavit underlying the search warrant was "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." 468 U.S. at 923. The undersigned Magistrate Judge does not agree.[3]

---

[2] The undersigned is persuaded to proceed directly to the good faith analysis in this case for two reasons: i) the form affidavit at issue in this case has since been repudiated by a Leflore County district judge in a later state court case, and ii) testimony at the suppression hearing indicates that the officers are no longer using the form affidavit that generated this dispute. Thus, the undersigned does not view this case as one where it would be of particular importance to discuss the issue of probable cause. *See, e.g., Danhauer*, 229 F.3d at 1005 ("When resolution of a Fourth Amendment issue is 'necessary to guide future action by law enforcement officers and magistrates,' . . . it is appropriate for a reviewing court to address [the issue of probable cause] first."), *quoting Leon*, 468 U.S. at 925.

[3] The Defendant in this case relies heavily on the fact that a Leflore County district judge issued an order seven months *after* the issuance of the warrant at issue in this case denouncing the use

### i. Affidavit does not exhibit false information or a reckless disregard of the truth.

The defendant first argues that the good faith exception is inapplicable because Agent Brown intentionally withheld information that he should have known was necessary for a fair determination of probable cause. In making this argument, the defendant cites specifically to the fact that Agent Brown omitted information including: i) that the confidential informant is a drug addict and criminal; and ii) that the confidential informant was paid in exchange for information. "[I]n order to invalidate a warrant based on a reckless omission, the information excluded from the affidavit must be material to the magistrate judge's finding of probable cause." *United States v. Kennedy*, 131 F.3d 1371, 1377 (10th Cir. 1997), *citing Stewart v. Donges*, 915 F.2d 572, 582-83 (10th Cir. 1990). The undersigned does not find Defendant's arguments on this point persuasive. First, most confidential informants are individuals who have been in trouble with the law, so Agent Brown's omission that the confidential informant in this case had faced a prior charge of possession of methamphetamine five or six years ago would not have been material to the judge's finding of probable cause. Second, that Agent Brown failed to include the fact that the confidential informant in this case was paid or had been paid in the past in exchange for information was, likewise, not likely to have altered the judge's finding of probable cause in the first instance. *See, e. g., United States v. Knapp*, 1 F.3d 1026, 1029 (10th Cir. 1993) (considering whether an omission from an affidavit that an

---

of the pre-printed affidavit as mere boilerplate language as support for his assertion that the underlying affidavit failed to exhibit probable cause. The undersigned notes, however, that the Leflore County district judge issuing said order did not analyze the applicability of the good faith exception. *See*, [Docket No. 23], Ex. 2.

informant had received benefits in exchange for his cooperation and stating that "[a]lthough the evidence omitted from the affidavit would have been marginally beneficial to [the defendant], the omissions were not vital to the magistrate's probable cause determination."). Moreover, nothing presented at the evidentiary hearing suggested that Agent Brown intentionally or recklessly omitted any of the aforementioned information in an effort to mislead the issuing judge. *See, United States v. Tisdale*, 248 F.3d 964, 973 ("The defendant bears the burden to demonstrate the affidavit's falsity or reckless disregard for the truth by a preponderance of the evidence."), *citing Kennedy*, 131 F.3d at 1377; *Knapp*, 1 F.3d at 1028; *United States v. Sullivan*, 919 F.2d 1403, 1424 (10th Cir. 1990).

ii.     **Affidavit is not so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable.**

Whether an affidavit is so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable is determined "by considering whether a 'reasonably well trained officer would have known that the search was illegal despite the magistrate's authorization.'" *United States v. Gonzales*, 399 F.3d 1225, 1230 (10th Cir. 2005), *quoting Leon*, 468 U.S. at 922 n. 23. In this regard, an officer acts in good faith unless his "reliance [on the warrant] was *wholly unwarranted*." *United States v. McKneely*, 6 F.3d 1447, 1454 (10th Cir. 1993), *quoting United States v. Cardall*, 773 F.2d 1128, 1133 (10th Cir. 1985). The Defendant contends that the officer's reliance *was* wholly unwarranted in this case because the officer failed to corroborate any of the confidential informant's information, and the search warrant was obtained upon a "bare

bones affidavit," *i. e.*, the affidavit contained "only conclusory statements and [was] completely devoid of factual support." *United States v. Rowland*, 145 F.3d 1194, 1207 (10th Cir. 1998). *See also United States v. McPhearson*, 469 F.3d 518, 526 (6th Cir. 2006) ("A bare bones affidavit is one that merely 'states suspicions, beliefs, or conclusions, without providing some underlying factual circumstances regarding veracity, reliability, and basis of knowledge.'") [citation omitted].

The undersigned Magistrate Judge finds that the affidavit at issue in this case was not completely devoid of factual support. First, the affidavit established a positive factual connection between the Defendant's home and the criminal activity under investigation by stating that the informant had seen drugs within the residence described in the affidavit. *See United States v. Gonzalez,* 399 F.3d 1225, 1231 (10th Cir. 2005) ("We agree with the Sixth Circuit that good faith may exist when a minimal nexus between the place to be searched and the suspected criminal activity is established."); *United States v. Carpenter,* 360 F.3d 591, 595-96 (6th Cir. 2004) ("The affidavit in the case before us failed to provide a substantial basis for probable cause because it did not provide the required nexus between the residence and the illegal activity. However, the affidavit was not completely devoid of any nexus between the residence and the marijuana that the police observed . . . We therefore conclude that reasonable officers could have believed that the affidavit as submitted, even without the additional relevant information known to the officers, was sufficient to support the issuance of the warrant."). Next, the affidavit established that the confidential informant's basis of knowledge was firsthand, as the

affidavit states that the informant personally observed methamphetamine in the residence to be searched. *See, United States v. Quezada-Enriquez*, 567 F.3d 1228, 1233 (10th Cir. 2009) ("As for basis of knowledge, a firsthand observation is entitled to greater weight than secondhand information."), *citing United States v. Tuter*, 240 F.3d 1292, 1297-98 (10th Cir. 2001). Finally, the affidavit established that the confidential informant had provided reliable information in the past. *See, Quezada-Enriquez*, 567 F.3d at 1234 ("[A]lthough not explained in particular detail in the affidavit, this informant apparently had a track record of reliability and some indication of veracity. Ortiz's affidavit stated that his informant was receiving no benefit for providing information and had provided accurate information about criminal activity on past occasions. By contrast, the informant in *Tuter* was anonymous and untested. 240 F.3d at 1297. In *Danhauer*, the affidavit indicated nothing about the informant's past reliability. 229 F.3d at 1006). Therefore, the affidavit was not completely devoid of factual support. *See United States v. Medlin,* 798 F.2d 407, 409 (10th Cir. 1986) ("The agents' reliance on the magistrate's issuance of the warrant was objectively reasonable . . . the affidavit supporting the warrant was not 'devoid' of facts."), *citing Cardall,* 773 F.2d at 1133 (10th Cir. 1985) ("When we consider whether the officer relied in good faith upon a warrant, we must look to the underlying documents to see whether they are *devoid* of factual support, not merely whether the facts they contain are legally sufficient . . . Courts cannot make the good faith of an officer turn upon whether his reliance on a warrant was misplaced. It is only when the reliance was wholly unwarranted that good faith is absent."). *See also*

*United States v. Wright,* 791 F.2d 133, 135 (10th Cir. 1986) ("The statements of the affiant were not conclusory when considered as a whole . . . since the affidavit relied upon by the magistrate who issued the warrant was not devoid of factual support, the agents executing the search were entitled to rely in good faith upon the decision of that magistrate as provided in *Leon* and *Cardall*.").

Defendant also argues that the officers were not entitled to rely on the issuance of the warrant because there was nothing in the underlying affidavit that indicated that the officers had corroborated any of the information provided by the confidential informant. In making this argument, Defendant relies on the Sixth Circuit's decision in *United States v. Weaver*, 99 F.3d 1372 (1996). In *Weaver*, the defendant challenged a search warrant based on information provided by a known confidential informant. The informant met with police and told them that he had received information from a third party that a marijuana sales operation was occurring at the defendant's residence. Police provided $100 to the informant to purchase marijuana, which the informant successfully accomplished, but did not conduct surveillance of the drug transaction. After purchasing the drugs, the informant also told police that he believed that the defendant was growing marijuana at his residence but offered no facts to support this belief. Based on this information, the officer completed a preprinted form affidavit and included the following information: i) the defendant's name and a description of the defendant's residence; ii) the date that the officer received the information; and iii) statements that the informant had experience with marijuana, had provided accurate and reliable information in the

past, and had observed the defendant possess and control a quantity of marijuana for the purpose of distribution. *Weaver*, 99 F.3d at 1375-76. The information affirming the informant's reliability consisted entirely of pre-printed text. After finding that the underlying affidavit did not exhibit probable cause to believe that the defendant was distributing or growing marijuana, the court analyzed the applicability of the *Leon* good faith exception. In its analysis of the applicability of the good faith exception, the Sixth Circuit noted that because the officer had "little firsthand information and no personal observations" regarding the likelihood that the defendant was possessing, distributing, or growing marijuana, the officer should have known that he needed to do some independent investigative work to corroborate the informant's information in order to satisfy the standard of probable cause. *Weaver*, 99 F.3d at 1380. As such, the court stated that they believed "a reasonably prudent officer would have sought greater corroboration to show probable cause" and refused to apply the *Leon* good faith exception for that reason. *Id.* at 1381.

The Sixth Circuit, however, later limited its holding in *Weaver* by stating that *Weaver* "does not support the general proposition[ ] that a CI's information must always be independently corroborated by police[.]" *United States v. Allen*, 211 F.3d 970, 974 (2000). More importantly, the Tenth Circuit has neither required corroboration of information from an informant in all cases nor afforded definitive guidance as to when corroboration would not be required. The *Quezada-Enriquez* court decided its case by applying the *Leon* good faith exception after noting the struggles of its sister courts to

address corroboration issues.  *See* 567 F.3d at 1234, *citing United States v. Garcia*, 528 F.3d 481 (7th Cir. 2008); *United States v. Carpenter*, 341 F.3d 666 (8th Cir. 2003).  The principal concern in *Quezada-Enriquez* was the failure of the affidavit to indicate the basis of the informant's knowledge, which is *not* a concern here, as the affidavit in this case clearly indicated that the informant's basis of knowledge was his personal observation of the methamphetamine inside the residence.  *See id.* at 1233 ("As for basis of knowledge, a firsthand observation is entitled to greater weight than secondhand information."), *citing Tuter,* 240 F.3d at 1297-98.  Furthermore, the absence of corroboration does not in and of itself establish that the affidavit underlying the search warrant was "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable."  For example, in *Quezada-Enriquez*, the Tenth Circuit determined that it was not "entirely unreasonable" for the officer who executed the search warrant in that case to rely on the issuing judge's probable cause determination, *see* 567 F.3d at 1235, even though the affidavit contained no independent corroboration of the information obtained from a confidential informant and no explanation of the informant's basis of knowledge.  *See id.* at 1234 ("Given the absence of *any* corroboration of detail suggesting Quezada-Enriquez was in possession of a firearm, confirmation of predictive information, or any other disclosed basis of the informant's knowledge, does probable cause exist?").

Finally, Agent Brown testified that he has been working with this particular informant for at least four years.  As such, "the police could . . . hold him responsible if

his allegations turned out to be fabricated[,]" *United States v. Jenkins*, 313 F.3d 549, 554 (10th Cir. 2002), and the undersigned is entitled to consider that factor when weighing the reliability of the information. *Id.*, *citing United States v. Valentine*, 232 F.3d 350, 354-55 (3rd Cir. 2000). Agent Brown also testified that he only included enough factual detail to establish probable cause in the affidavit, which indicates that there *were* facts known to him that further supported the issuance of the search warrant. *See United States v. Perry,* 181 Fed. Appx. 750, 753 (10th Cir. 2006) ("[A] well-trained officer who knew facts establishing probable cause could reasonably err in relying on approval of a warrant based on an affidavit that inadvertently omitted some of those facts.") [unpublished opinion], *cert. denied,* 549 U.S. 967 (2006).

Based on the foregoing discussion, the undersigned Magistrate Judge therefore concludes that the *Leon* good faith exception *does apply* to this case, and that the evidence seized from the Defendant's home under the state court search warrant *should not* be suppressed.

The undersigned Magistrate Judge hereby PROPOSES the findings set forth above and accordingly RECOMMENDS denial of the Defendant's Motion to Suppress Evidence and Brief in Support [Docket No. 23] by the Court. Any objections to this Report and Recommendation must be filed within fourteen (14) days.

IT IS SO ORDERED this 14th day of November, 2013.

Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma